IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

PHILIP BROWN,                        :
                                     :
      Plaintiff,                   :
                                     :
vs.                                  :     5:04CV339 (DF)
                                     :
PAT BROCK,                           :
                                     :
      Defendant.                   :

**O R D E R**

Contemporaneous with his earlier motion to proceed *in forma pauperis*, Plaintiff also filed a motion to appoint counsel (tabs 2 &3). The Court denied Plaintiff's first motion to appoint counsel as premature (tab 6). Currently before the Court is Plaintiff's "Re-file Motion for Appointment of Counsel and Argument" (tab 23). By this motion, Plaintiff again requests that the Court appoint counsel to represent him in this Title VII action.

"The appointment of counsel in a civil case is a privilege and not a constitutional right." **Mekdeci v. Merrell Nat'l Lab.**, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983); *see also* **Poole v. Lambert**, 819 F.2d 1025 (11th Cir. 1987). This privilege is "justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." **Dean v. Barber**, 951 F.2d 1210, 1216 (11th Cir. 1992). With regard to a request for court appointed counsel in a civil case, "the district court has broad discretion in making this decision." **Bass v. Perrin**, 170 F.3d 1312, 1320 (11th Cir. 1999); *see also* 28 U.S.C.A. §1915(e)(1). A key consideration for the district court is "whether the pro se litigant needs help in presenting the essential

merits of his or her position to the court" and "where the facts and issues are simple, he or she usually will not need such help." **Kilgo v. Ricks**, 983 F.2d 189, 193 (11th Cir. 1993). In deciding the simplicity of the facts and issues, it is important to note whether the "core facts of the case are in dispute" and whether the "legal claims are straightforward". **Bass**, 170 F.3d at 1320. Even though "litigants undoubtedly would [be] helped by the assistance of a lawyer," if their case is not "unusual" or the circumstances "exceptional" then the district court does not abuse its discretion in denying court appointed counsel. **Id.**

In asking for court appointed counsel, Plaintiff relies on the fact that his claim is based on Title VII of the Civil Rights Act of 1964. Title VII does include a provision providing for court appointed counsel, stating that, "upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant. . . ." 42 U.S.C.A. §2000e-(5)(f)(1) (West 2003). As is the general rule, there is no right to a court appointed attorney in a Title VII claim, as the decision to grant such a request is within the sound discretion of the district court. See **Id.** While the Eleventh Circuit has not adopted or articulated a standard to be used when considering a motion for court-appointed counsel in a Title VII case, other courts have done so, and this standard is in keeping with the general approach taken by the Eleventh Circuit. See **Weber v. Holiday Inn**, 42 F. Supp. 2d 693, 698 (E.D. Tex. 1999) (quoting **Gonzalez v. Carlin**, 907 F.2d 573, 580) (5th Cir. 1990)); see also **Castner v. Colo. Springs Cablevision**, 979 F.2d 1417, 1421 (10th Cir. 1992); see also **Graham v. Nena Health Council, Inc.**, No. 80 Civ. 6105-CSH, 1982 WL 178 (Jan. 7, 1982). Three determinative factors have emerged with regard to court appointed counsel in Title VII cases, first, whether the complainant has the financial ability to retain counsel, second, whether the

complainant has made a diligent effort to retain counsel and third, whether the complainant presents a meritorious claim.  See **Weber**, 42 F. Supp. 2d at 698.

Applying these factors to the case at hand, leads the Court to deny Plaintiff's motion for appointed counsel.  The Court reaches this result even though the first factor, Plaintiff's financial ability to retain counsel, indicates that he is unable to retain counsel on his own, as he has been allowed to proceed *in forma pauperis*.  However, from his argument in support of his motion, Plaintiff has not shown that he has made any effort to retain counsel.  Also, the Court is unable to conclude at this stage that Plaintiff has presented a meritorious claim.  Plaintiff filed his pro se complaint on a form provided by the Clerk of Court and attached a two page description of alleged discrimination, but there are no other factual allegations before the Court.  From this limited factual background, the facts of this case are not clear and it is not possible to determine what facts are in dispute.  Additionally, it is unclear whether Plaintiff's discrimination claim follows the straightforward framework articulated by Title VII case law or whether he presents a more complex issue for consideration.

Consequently, the Court finds nothing exceptional or unusual about this case, at this stage in the litigation, that would warrant appointed counsel.  Therefore, Plaintiff's motion is **DENIED**.

SO ORDERED, this 28th day of April, 2005.

    s/ Duross Fitzpatrick

DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/has