**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **PHILLIP BROWN,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **5:04CV339 (DF)** |
| | : | |
| **PAT BROCK,** | : | |
| | : | |
| **Defendant.** | : | |

**O R D E R**

After being terminated from his employment at the Dollar General Store in Byron, Georgia in June 2004, Plaintiff initiated the instant action on October 12, 2004, alleging race discrimination under Title VII of the Civil Rights Act of 1964.  Subsequently, on November 12, 2004, Plaintiff filed a Chapter Thirteen bankruptcy petition in the Bankruptcy Court for the Middle District of Georgia.  Now before the Court is Defendant's Motion to Dismiss (tab 29) pursuant to Fed. R. Civ. P. 12(c) (West 2005).

**I.      STANDARD OF REVIEW**

Under Rule 12(c), any party may move for judgment on the pleadings at any time after the pleadings have closed.  It is appropriate to grant judgment on the pleadings "where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  ***Cannon v. City of West Palm Beach***, 250 F.3d 1299, 1301 (11th Cir. 2001).  "The court must view the facts in the light most favorable to the nonmoving party, and it can grant the motion only if the non-movant can prove no set of facts which would

allow it to prevail." *Palmer & Cay, Inc. v. Marsh & McLennan Co., Inc.*, 404 F.3d 1297, 1303 (11th Cir. 2005) (internal citations omitted).

## II.   LEGAL ANALYSIS

In its motion, Defendant argues that this action should be dismissed because Plaintiff's claim is barred by judicial estoppel, and the Court agrees.  In a line of recent decisions, the Eleventh Circuit has clearly articulated the applicability of the judicial estoppel doctrine to discrimination claims that debtors fail to include in their bankruptcy petitions.  *See* *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1281 (11th Cir. 2002); *De Leon v. Comcar Ind. Inc.*, 321 F.3d 1289 (11th Cir. 2003); *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2003).  Judicial estoppel is an equitable doctrine that precludes a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Burnes*, 291 F.3d at 1284.  "The doctrine exists to protect the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *Id.* (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001)).  In addition, this Court has previously applied judicial estoppel to bar an employment-discrimination plaintiff, who subsequently filed for bankruptcy, from pursuing her discrimination claims because she failed to disclose them on her bankruptcy petition.  *See* *Jones v. Rogers, et al.*, 5:01CV437 (M.D. Ga. Nov. 20, 2003).

The application of judicial estoppel turns on two factors: (1) "a party's allegedly inconsistent positions must have been made under oath in a prior proceeding" and (2) "the inconsistencies must be shown to have been calculated to make a mockery of the judicial

2

system."  **Barger**, 348 F.3d at 1293-94.  On the Statement of Financial Affairs, Plaintiff checked the box labeled "none" next to statement 4(a), which asked the bankruptcy petitioner to list "all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case," and then signed the Statement under penalty of perjury.  Plaintiff's overt act of submitting a claim to the bankruptcy court was a position taken under oath and clearly establishes the first factor in the application of judicial estoppel. **Id.** at 1294.

In considering the second factor, whether the inconsistencies were made to make a mockery of the judicial system, the determinative issue is Plaintiff's intent.  "For purposes of judicial estoppel, intent is a purposeful contradiction – not simple error or inadvertence." **Id.** at 1294.  Plaintiff asserts, in his response to Defendant's motion, that any mistake on his part in failing to disclose this litigation to the bankruptcy court was due to his belief that "the bankruptcy case had total absolutely nothing to do with the Plaintiff case here."  Pl.'s Resp. Pg. 4 (tab 30).  This attempt to explain the contradiction on his bankruptcy petition falls far short of showing a simple error, as Plaintiff was given the opportunity to disclose this lawsuit initially, and was represented by counsel when he filed his bankruptcy petition. In addition, Plaintiff has had since November to amend his Statement of Financial Affairs to note this suit and thus fulfill his duty to continually amend his bankruptcy petition, but has not done so.  *See* 11 U.S.C.A. §§ 521(1), 541(a)(7); *see also* **Burnes**, 291 F.3d at 1286.

Also, there is no evidence that Plaintiff's failure to comply with the Bankruptcy Code's disclosure duty was inadvertent.  His failure would only be inadvertent if he either

3

lacked "knowledge of the undisclosed claim or [had] no motive for the concealment." *Id.* at 1295.  Plaintiff initiated the instant suit one month before he filed for bankruptcy, so it cannot be disputed that he had knowledge of this discrimination claim at the time he filed his bankruptcy petition.  And, Plaintiff's own belief about the relationship between his employment claim and his bankruptcy petition does not indicate that Plaintiff made a simple mistake in failing to disclose this suit.  Rather, Plaintiff's statements signal that Plaintiff knew of his employment suit when he filed for bankruptcy and intentionally chose not to disclose the litigation on his petition because he thought the two actions were unrelated.  And, Plaintiff has a simple motive for concealing this action from the bankruptcy court – greed, since "by omitting the claims, [he] could keep any proceeds for [him]self and not have them become a part of the bankruptcy estate." *Id.* at 1296.

After finding knowledge of the claim and a motive for concealment, the Court is able "to infer from the record Plaintiff's intent to 'make a mockery of the judicial system.'" *De Leon*, 321 F.3d at 1292 (quoting *Burnes*, 291 F.3d at 1285-87).  Furthermore, the Court can easily conclude that Plaintiff intentionally manipulated his bankruptcy petition since Plaintiff initiated the instant suit one month before he filed for bankruptcy but did not disclose this action and had the potential for financial gain if this action was concealed from his creditors.  *See Barger*, 348 F.3d at 1294 ("[D]eliberate or intentional manipulation can be inferred from the record,' where the debtor has knowledge of the undisclosed claims and has motive for concealment.").  With this finding of intent, the two factors deemed determinative by the Eleventh Circuit in applying judicial estoppel are both met.  Consequently, Plaintiff is judicially estopped from pursuing this action.

4

Plaintiff argues that his employment-discrimination suit should be allowed to proceed on the merits, and that the rights he seeks to protect under his employment action should not be prejudiced.  But, Plaintiff prejudiced the rights of his creditors when he failed to disclose this employment discrimination action on his bankruptcy petition.   The consequence of his failure to disclose is that he is no longer able to pursue this claim. "Courts can dismiss money damage claims in discrimination cases . . . . when the debtor failed to disclose to the bankruptcy court his pending employment discrimination claim," *Nix v. Home Depot USA, Inc.*, No. 1:02-CV-2292, 2003 U.S. Dist. LEXIS 19178, *14 (N.D. Ga. Oct. 16, 2003), and pursuant to this authority, the Court will not consider Plaintiff's discrimination claims.

## III.    CONCLUSION

Accordingly, because the Court will not consider Plaintiff's judicially estopped discrimination claim, Defendant is entitled to judgment as a matter of law.  Therefore, Defendant's Motion to Dismiss is **GRANTED**, which makes Defendant's Motion to Stay Discovery **MOOT**.

SO ORDERED, this 13th day of June, 2005.


s/ **Duross Fitzpatrick**
DUROSS FITZPATRICK, JUDGE
UNITED STATES DISTRICT COURT

DF/has

5