IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PHILIP BROWN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | 5:04CV339 (DF) |
| | : | |
| PAT BROCK, | : | |
| | : | |
| Defendant. | : | |

**O R D E R**

Plaintiff's employment at the Dollar General Store in Byron, Georgia was terminated on June 4, 2004. On October 12, 2004, Plaintiff initiated the present action under Title VII of the Civil Rights Act of 1964. Plaintiff alleged racial discrimination and sought punitive damages and recovery of back pay. Plaintiff filed for Chapter 13 bankruptcy on November 12, 2004. Because Plaintiff failed to disclose the present action in his bankruptcy petition and failed to amend the petition thereafter, Plaintiff was judicially estopped from pursuing his claims. Accordingly, on June 13, 2005, the Court granted Defendant's Motion for Rule 12(c) Dismissal on the Pleadings. Presently before the Court is Defendant's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 (West 1992 & Supp. 2005).

**I. DISCUSSION**

According to Rule 11(b), when an unrepresented party signs a pleading, written motion, or other document, he certifies to the best of his knowledge that the pleading is: (1) not presented for an improper purpose, such as to harass, cause unnecessary delay, or to needlessly increase litigation costs; (2) warranted by existing law or nonfrivolous argument; and (3) supported by evidentiary support in every allegation or factual contention. *Id.*

Under Rule 11(c), appropriate sanctions may be imposed on a party if the court finds that the party violated provisions of Rule 11(b). *Id.* Rule 11(c)(2) limits sanctions to an amount the court finds sufficient to deter the party and others similarly situated from repeating the violation. The movant may recover expenses incurred as a direct result of the violation. The court is required to describe the conduct which violated Rule 11(b), and explain the basis for the sanction imposed upon the violating party. *Id.*

Defendant requests that the court order Plaintiff to pay $1000.00. Defendant also requests that the court either impose a date by which Plaintiff must pay the amount, or impose payment terms acceptable to both parties. In its motion, Defendant argues that Plaintiff should be sanctioned to deter him from asserting similar meritless claims against Defendant or others in the future. Def.'s Mot. for Sanctions, Pg. 3, Par. 3 (tab 38). The Court agrees that Plaintiff should be sanctioned, however, the court finds that sanctioning

Plaintiff in the amount of the filing fee, $150.00, which Plaintiff did not initially have to pay, will sufficiently deter him from pursuing similar frivolous litigation in the future.

To determine the appropriate sanction, the Court considers the following factors as outlined in ***Orlett v. Cincinnati Microwave***: (1) the nature of the violation committed; (2) the circumstances in which the violation was committed; (3) the financial state of the person sanctioned; (4) the adversely affected party's circumstance; and (5) the particular form of sanction sufficient to deter that person from repeating a similar violation in the future.  *See* 954 F.2d 414, 419 (6th Cir. 1992); *see also* ***Baker v. Alderman***, 158 F.3d 516 (11th Cir. 1998).

Regarding the first two factors, Plaintiff's violation derived from his failure to disclose the present action in his petition for bankruptcy.  As stated in this Court's Order granting Defendant's Motion to Dismiss, the circumstances show that Plaintiff chose to conceal this action from his creditors at the time he filed for bankruptcy.  At that time he had the assistance of counsel.  Furthermore, he ignored his ongoing duty to amend the petition, and continued to pursue his employment discrimination claims against Defendant.

Rule 11 employs an objective standard in finding frivolous arguments sanctionable not an "empty head, pure heart" subjective standard.  *See* ***Thorpe v. Alber's, Inc.***, 922 F.Supp. 84, 94 (E.D. Tenn. 1996); *see also* Fed. R. Civ. P. 11 advisory committee's note. Plaintiff may have subjectively believed that the bankruptcy petition and the present action had nothing to do with each other.  Pl.'s Resp. Pg. 4 (tab 30).  But, "Rule 11 imposes upon

both attorneys and pro se litigants the burden ... of ascertaining that there is a reasonable basis for maintaining the action or position taken in the papers." *Brown v. Consol. Freightway*, 152 F.R.D. 656, 660 (N.D. Ga. 1993). Because Plaintiff's failure to disclose the present litigation in his bankruptcy petition judicially estopped him from proceeding in this action, Plaintiff lacked a reasonable basis for continuing litigation against Defendant.

Regarding Plaintiff's financial state, the third factor, the fact that Plaintiff proceeded in forma pauperis as a pro se plaintiff does not shield him from Rule 11 sanctions. "In forma pauperis litigants, proceeding at the expense of taxpayers, need to be deterred from filing frivolous lawsuits as much as litigants who can afford to pay their own fees and costs." *Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994). Any other interpretation of Rule 11 would put all unrepresented parties beyond the reach of Rule 11. *See id.* Accordingly, the Court may impose sanctions against a pro se plaintiff if the Court finds that "pleadings or other papers signed by ... the party are 'frivolous, legally unreasonable or without factual foundation . . . .'" *Manning v. Maloney*, 787 F.Supp. 433, 439-440 (M.D. Penn. 1992). The instant litigation was rendered frivolous by Plaintiff's conduct in initially concealing from his creditors his employment discrimination claim against Defendant, and his failure to amend his bankruptcy petition thereafter.

As to the fourth and fifth factors, Defendant has expended more than $4000.00 defending against Plaintiff's claims. Def.'s Mot. for Sanctions, Pg. 3, Par. 3 (tab 38).

However, the primary goal of Rule 11 sanctions is deterrence.  See *Orlett*, 954 F.2d at 419; *accord* **Baker**, 158 F.3d at 527 ("deterrence remains the touchstone of the Rule 11 inquiry"). Compensation is the secondary goal.  See *id.* at 419.  In the interests of equity, the Court considers the "least severe sanction adequate to serve the purpose."  See *id.* at 420.

As stated in his Motion to Proceed *In Forma Pauperis* (tab 2), the Court understands that Plaintiff has difficulty meeting his basic needs.  At the time Plaintiff filed suit against Defendant, the filing fee was $150.00.  In light of the fact that Plaintiff proceeded in forma pauperis as a pro se litigant, the Court finds that sanctioning Plaintiff in the amount of the filing fee, $150.00, is a sufficient deterrence to his filing frivolous litigation.

## II. CONCLUSION

According to the foregoing reasoning, Plaintiff is sanctioned $150.00, which may be paid in $15.00 per month installments.  The payments must be by check or money order, payable to the United States District Court.  Consequently, Defendant's Motion for Sanctions is **GRANTED**.

SO ORDERED, this 3rd day of August, 2005.

                                      **s/ Duross Fitzpatrick**
                                      DUROSS FITZPATRICK, JUDGE
                                      UNITED STATES DISTRICT COURT

DF/nds