IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| PHILLIP BROWN, | : | |
| Plaintiff, | : | 5:04-cv-339 (CAR) |
| v. | : | |
| PAT BROCK, | : | |
| Defendant. | : | |

*ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

Plaintiff Phillip Brown is a former employee of the Dollar General store in Byron, Georgia. Shortly after being terminated from his employment at Dollar General, Plaintiff, proceeding *pro se*, filed the present lawsuit against his former supervisor, Pat Brock, alleging that his termination was racially-motivated, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. The Clerk of Court assigned the case to Judge Duross Fitzpatrick.

One month after filing his Title VII lawsuit in this Court, Plaintiff filed a Chapter Thirteen bankruptcy petition in the Bankruptcy Court for the Middle District of Georgia. Despite his obligation to disclose the present lawsuit to the Bankruptcy Court, Plaintiff failed to do so. He further swore under penalty of perjury that he was not a party to any lawsuit.

After learning of Plaintiff's failure to disclose the present lawsuit in his bankruptcy petition, Defendant filed a Motion to Dismiss [doc. 29]. Through this motion, Defendant argued that Plaintiff's failure to disclose the present action in his bankruptcy petition barred his claims under the doctrine of judicial estoppel. Judge Fitzpatrick agreed with Defendant and dismissed Plaintiff's complaint [doc. 36]. Plaintiff appealed the decision to the Eleventh Circuit Court of

Appeals, which then vacated the Court's dismissal and remanded the case [doc. 56], finding that the Court failed to provide Plaintiff with sufficient time to supplement the record, as required by the Federal Rules of Civil Procedure. In remanding the case, the Eleventh Circuit did not reach the merits of the Court's decision regarding judicial estoppel.

Following the remand, this case was reassigned to Judge C. Ashley Royal. Currently before the Court is Defendant's Motion for Summary Judgment [doc. 58]. Defendant's motion raises the same arguments previously raised in his Motion to Dismiss—namely, that Plaintiff's claims are barred by the doctrine of judicial estoppel. Plaintiff has filed a Response to the motion [doc. 67], along with a Motion for Summary Judgment of his own [doc. 66], two Motions for Sanctions [docs. 65, 77], and a Motion to Strike Defendant's Motion for Summary Judgment [doc. 75]. Having considered the arguments of the parties, the applicable law, and the facts of this case, the Court concludes that Plaintiff's claims are barred by the doctrine of judicial estoppel. Accordingly, Defendant's Motion for Summary Judgment [doc. 58] is **GRANTED**, and Plaintiff's various motions [docs. 65, 66, 75, & 77] are **DENIED AS MOOT**.

## *LEGAL STANDARD*

Summary judgment must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996). In reviewing a motion for summary judgment, the court must view the evidence and make all justifiable inferences in the light most favorable to the nonmoving party, but the court may not make credibility determinations or weigh the evidence. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254-55 (1986); see also Reeves v. Sanderson Plumbing

Prods., Inc., 530 U.S. 133, 150 (2000). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law. Celotex, 477 U.S. at 323 (internal quotation marks omitted). If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that the moving party is not entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(e); see also Celotex, 477 U.S. at 324-26. This evidence must consist of more than mere conclusory allegations or legal conclusions. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

## *DISCUSSION*

In his Motion for Summary Judgment, Defendant argues that Plaintiff's Title VII claims are barred by the doctrine of judicial estoppel. For the reasons previously discussed in its Order on Defendant's Motion to Dismiss, the Court agrees. The Eleventh Circuit has recognized the applicability of the judicial estoppel doctrine to discrimination claims that debtors fail to include in their bankruptcy petitions. Barger v. City of Cartersville, 348 F.3d 1289 (11th Cir. 2003); De Leon v. Comcar Ind., Inc., 321 F.3d 1289 (11th Cir. 2003); Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1281 (11th Cir. 2002). Judicial estoppel is an equitable doctrine that precludes a party from "asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." Burnes, 291 F.3d at 1284. A finding that a plaintiff's claims are barred by the doctrine of judicial estoppel rests on two factors: (1) "a party's allegedly inconsistent positions must have been made under oath in a prior proceeding;" and (2) "the inconsistencies

must be shown to have been calculated to make a mockery of the judicial system." Barger, 348 F.3d 1293-94.

In its Order on Defendant's Motion to Dismiss, this Court previously concluded that both of these factors were present in this case. Order on Mot. to Dismiss, doc. 36, p. 3. Specifically, the Court found that the first factor was clearly established by Plaintiff's sworn declaration in his Statement of Financial Affairs that he was not a party to any lawsuit. Id. With respect to the second factor, the Court found that Plaintiff's failure to disclose this litigation to the bankruptcy court was intentional, rather than inadvertent. Id. The Court's determination that Plaintiff's failure to disclose this litigation was intentional rested on the fact that Plaintiff was given the opportunity to disclose this lawsuit in his Statement of Financial Affairs, but chose not to do so. Id. It also rested Plaintiff's subsequent failure to amend his Statement of Financial Affairs after learning of his obligation to disclose this lawsuit. Id. The Court found that these facts signaled Plaintiff's knowledge of his employment suit and his motive for concealing this action from the bankruptcy court—namely greed, since "by omitting the claims, he could keep any proceeds for himself and not have them become a part of the bankruptcy estate." Id. at 4 (quoting Barger, 348 F.3d at 1296) (alterations omitted).

Plaintiff attempted to explain his non-disclosure by asserting that any mistake on his part was due to his belief that "the bankruptcy case had . . . absolutely nothing to do with [his] case here." Id. at 3. The Court discounted Plaintiff's explanation, noting that for the purposes of judicial estoppel, "intent is a purposeful contradiction—not simple error or inadvertence." Id. (quoting Barger, 348 F.3d at 1294). The Court found that Plaintiff's attempt to explain the contradiction on his bankruptcy petition fell short of showing a simple error, since he was given

4

the opportunity to disclose his lawsuit initially and was represented by counsel when he filed his bankruptcy petition. Id.

The reasoning underlying the Court's earlier ruling on Defendant's Motion to Dismiss remains unchanged. On summary judgment, Plaintiff has submitted no evidence to contradict the bankruptcy documents tendered by Defendant, nor has he offered any meaningful explanation for his failure to disclose this lawsuit to the bankruptcy court. Instead, he argues only that, in light of his status as a *pro se* litigant, he should be accorded liberal treatment. Plaintiff's argument mischaracterizes the law. The rule requiring courts to liberally construe *pro se* pleadings does not excuse *pro se* litigants from complying with substantive or procedural legal requirements. Cf. Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) ("Liberal construction does not mean liberal deadlines."). Accordingly, since Plaintiff has failed to advance any arguments or produce any evidence to refute the evidence showing his intentional misrepresentation to the bankruptcy court, Plaintiff's claims are barred by the doctrine of judicial estoppel, and Defendant is entitled to summary judgment.

## *CONCLUSION*

For the reasons discussed above, Defendant's Motion for Summary Judgment [doc. 58] is **GRANTED** and Plaintiff's miscellaneous motions [docs. 65, 66, 75 & 77] are **DENIED AS MOOT**.

**SO ORDERED**. This 25th day of July, 2007.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

AEG/